UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | |
| | : | |
| **JOHN HAROLD ROGERS,** | : | |
| | : | |
| Defendant. | : | |

## MOTION AND SUPPORTING MEMORANDUM TO SEAL INDICTMENT, ARREST WARRANT, AND RELATED PAPERWORK

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court for an Order sealing the accompanying criminal indictment and arrest warrant (collectively herein the "Indictment Materials") as well as all other pleadings, proceedings, records and files in this case, including the instant Motion to Seal, and proposed order and Order, and delaying entry on the public docket of this motion to seal and all related matters.

### LEGAL BACKGROUND

1.  The Court has the inherent power to seal court filings when appropriate, including the Indictment Materials. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Indictment Materials. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

**FACTS SUPPORTING SEALING & REQUEST FOR SEALING**

2.  Earlier today, January 30, 2025, a grand jury returned an Indictment against defendant John Harold Rogers, charging him with the following offenses 18 U.S.C. § 1831(a)(5) (Conspiracy to Commit Economic Espionage), 18 U.S.C. § 1001 (False Statements).

3.  The conduct under investigation involves the defendant's scheme with other individuals located in the People's Republic of China ("PRC" or "China") who worked to benefit the PRC by carrying away, sending, mailing, and obtaining—all without authorization—trade secrets of the Federal Reserve Board of Governors ("FRB") and the Federal Reserve Open Market Committee ("FOMC") in the United States, intending or knowing that the theft would benefit the PRC, agents of the PRC, and PRC instrumentalities and their agents. In furtherance of the conspiracy, ROGERS made false statements to his employer to cover up the conspiracy.

4.  The public disclosure of this Indictment at this time could jeopardize this investigation because such disclosure could result in alerting the defendant or other individuals to their criminal liability in the United States. Public disclosure of the indictment could also cause the defendant to flee from prosecution prior to his arrest.

5.  Accordingly, the United States submits that under *Washington Post v. Robinson*, 935 F. 2d 282, 289 n.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Indictment, the Arrest Warrant, this Motion, and any Order to Seal, until such time as the defendant is arrested.

6.  In addition, the government respectfully moves for the Indictment and Arrest Warrant to remain sealed -- with the exception that the Government be permitted to disclose the Indictment, the Arrest Warrant, and the Order to Seal to (1) appropriate U.S. and foreign law enforcement officials and other officials and personnel to the extent that such disclosure is in

furtherance of national security or efforts to locate, arrest, detain, transfer, extradite, or expel the defendant, and (2) the court, court officials, and defense counsel in this district or any other appropriate district as necessary to conduct any court proceedings in that district.

7. We further request that the Court's order permit unsealing of the Indictment, and any supporting documents and docket entries, and the Arrest Warrant by any United States District Court Judge or any United States Magistrate Judge, in any district, upon oral motion of the United States.

Respectfully submitted,

Edward R. Martin, Jr.
United States Attorney
D.C. Bar 481866

By: */s/ Christopher T. Tortorice*
Christopher T. Tortorice
TX Bar Number 24048912
Assistant United States Attorney
National Security Section
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7155
Christopher.tortorice@usdoj.gov

*/s/ Nicholas O. Hunter*
Nicholas O. Hunter (D.C. Bar No. 1022355)
Trial Attorney
Counterintelligence and Export Control Section
National Security Division