UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN HAROLD ROGERS,<br><br>Defendant. | Case No. 25-cr-033 (DLF) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PRETRIAL RELEASE UPON CONDITIONS**

**INTRODUCTION**

Defendant, John Harold Rogers, moves for his release pending trial in this matter. Although Magistrate Judge Sharbaugh denied the Defendant's prior oral motion on February 5, 2025, (Or. Detention Pending Trial, Dkt. 15), Defendant respectfully submits that changed circumstances support his Motion.

**CHANGED CIRCUMSTANCES**

When Defendant appeared before Magistrate Judge Sharbaugh on February 5, 2025, newly retained defense counsel were unaware the Pretrial Services Agency ("PSA") had determined that Defendant was not a flight risk and proposed conditions of release it deemed adequate. Thus, defense counsel were unable to argue that the Magistrate Judge should defer to PSA's determination and recommendation. Defendant understands that the Court already possesses a copy of the PSA's Pretrial Services Report.

Defense counsel now have been able to consult with security experts before filing the

1

Motion, and Defendant relies upon the Declaration of Robert Doty, a retired Supervisory Deputy U.S. Marshal who served for twenty-five years in the U.S. Marshals Service and has other law enforcement experience. *See* Exhibit 1. As a Supervisory Deputy U.S. Marshal from August 2010 to May 2017, Marshal Doty supervised one of the most successful fugitive task forces for the U.S. Marshals Service, developed policies and procedures regarding Task Force operations, and reviewed and approved all requests for electronic surveillance. *Id.* Mr. Doty opines that if the Court agrees with the PSA that the defendant is not a substantial flight risk, then the pretrial release conditions proposed by Defendant are reasonable. *Id.*

Defendant has until now waived speedy trial protections in order to give the government time to provide discovery. At the government's request, defense counsel provided the FBI with a hard disk so that the government could provide the defense a copy of all information obtained from electronic devices seized from Defendant's apartment pursuant to a search. Defense counsel delivered the hard disk on March 27, 2025, but did not receive it back with the data until April 24, 2025. The government requested that the defense provide a 10-terabyte hard disk, and the defense provided a 16-terabyte hard disk to assure that there would be sufficient space for all data.

On April 23, 2025, defense counsel received an email from government counsel stating the following: "The 10TB hard drive is ready for you at the U.S. Attorney's Office. Unfortunately, we could not get all of the items on to this one drive. You will see in the letter some additional items for which we will need another hard drive. We believe 3TB will be sufficient." Defense counsel provided a 4-terabyte hard drive to the U.S. Attorney's office on April 24, 2025.

Defense counsel now know that they must review multiple terabytes of data with Defendant, an effort that is likely to take many days. But they have no way of knowing what the additional terabytes of data to be provided by the government will include or even when they might

expect to receive the additional terabytes of data. Regardless of the exact amount of additional data which the government will provide, it is apparent that the amount of discovery that needs to be examined with care is extremely large. The defense sincerely believes that it is not feasible for defense counsel and Defendant to adequately review the massive amount of material at the D.C. Jail.

Moreover, Defendant is anxious to claim his Sixth Amendment and statutory rights to a speedy trial, especially in light of the toll that jail detention takes on the health of a 63-year-old Type-1 diabetic. As long as Defendant is confined in the jail, he is unwilling to toll the speedy trial clock any longer despite the fact that his counsel will be challenged to deal with the huge amount of discovery that he and they must review. Moreover, the time required to review the discovery is separate and apart from the unknown amount of time the government claims will be required to acquire security clearances for defense counsel (which the government suggested at the last status conference might take as long as nine months) and the time required for defense counsel to review whatever classified evidence is ultimately produced. Defendant urges that it is in the interest of both the Government and the defense for him to be released upon conditions in which case some additional delay in moving his case to trial becomes more tolerable.

The defense has made a good faith effort to build upon the conditions suggested by the PSA and to add conditions that further demonstrate that Defendant is not a flight risk.

## CONCLUSION

For the reasons stated above, Defendant asks the Court to grant him release upon the conditions he proposes along with any others that the Court deems appropriate.

Date:   April 25, 2025                             Respectfully submitted,

/s/ Stephen A. Saltzburg
Stephen A. Saltzburg (D.C. Bar No. 156844)
2000 H Street, NW
Washington, DC 20052
Tel.: (202) 994-7089
Fax: (202) 994-9811
Email: sasaltz@law.gwu.edu


/s/ Jonathan K. Gitlen
Jonathan K. Gitlen (D.C. Bar No. 990918)
Law Office of Jonathan K. Gitlen PLLC
900 19th Street, NW, Suite 500
Washington, DC 20006
Tel.: (202) 568-5788
Fax: (202) 301-8556
Email: jonathan.gitlen@jgitlenlaw.com


*Counsel for Defendant*
