UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 25-CR-033 (DLF) |
| : | |
| JOHN ROGERS, : | |
| Defendant. : | |

## OPPOSITION TO DEFENDANT'S MOTION TO REOPEN
## DETENTION HEARING AND FOR PRE-TRIAL RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its opposition to the defendant's motion for pretrial release upon conditions. ECF No. 21. The government persists in its request that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142(f)(2)(A) of the federal bail statute. The defense has provided this Court with a declaration from a retired U.S Marshal to support its prayer for release in this case, along with concerns about the volume of discovery in this case. None of those supplements are "new and material" information relevant to reopening the detention hearing, nor should they move the needle for this Court when considering the factors supporting the detention decision of the magistrate.

For the reasons discussed below, the government opposes the defendant's motion to reopen the detention hearing and the motion for pre-trial release. The government will not restate the arguments made in its Memorandum in Support of Pretrial Detention, ECF No. 11, but respectfully asks that those arguments be incorporated herein. There remains a basis to hold the defendant under 18 U.S.C. 3142(f)(2)(A), and the factors in 18 U.S.C. 3142(g) continue to strongly favor detention.

1

**I.      The Defendant Has Not Met the Standard to Reopen the Detention Hearing.**

The determination that a criminal defendant must be detained pursuant to section 3142(g) "may be reopened" at any time prior to trial if new information surfaces that has a "material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (citing 18 U.S.C. § 3142(f)). "New and material information ... consists of something other than a defendant's own evaluation of his character or the strength of the case against him"; instead, it must consist of "truly changed circumstances, something unexpected, or a significant event." *Id.*, (citing *United States v. Esposito*, 354 F. Supp. 3d 354, 359 (S.D.N.Y. 2019)). Moreover, "previously unavailable information has *no* material bearing on the factors that must be considered to establish the propriety of pretrial detention *unless* that new information casts different light on any of those factors." *Lee*, at 5 (emphasis in original).

**A. The Conclusory Declaration Provided By the Defense Is Not "New and Material" Information.**

The defense has proffered conditions that are essentially identical to those raised at the initial detention hearing: GPS-monitoring, in-person check-ins, home detention with no internet access. Def. Exhibit 1, at ¶ 6. At the detention hearing, the magistrate specifically asked the government why the proffered conditions—surrendering his passport, GPS monitoring, home detention—would be insufficient. Detention Tr. 17: 5-11. The government's response then is the same as it is now. No suitable third-party custodian has been proffered. No rebuttal has been raised to the government's argument that the defendant could flee even while on GPS monitoring, as noted regarding a prior case in this district. That threat has not abated, and nothing in the defense's proffered evidence shows otherwise.

The only relevant new and material information supports the defendant's continued detention. The defendant has now had months to identify a third-party custodian, but has failed to do so. There are many potential reasons for that failure, but one possible reason is that all the potential custodians believe the defendant is likely to flee. That would not be surprising given the defendant's overwhelming proclivity for China and its culture. *See* ECF No. 11 at 13 (reciting portions of an affectionate letter the defendant draft to the "Chinese People").

The defendant's declaration from Robert Doty adds no new and material information. Mr. Doty simply opines that "[t]here is no 100% guarantee that anyone will not flee" but that the proposed conditions would "reasonably minimize" the defendant's risk of flight. The magistrate judge already found, however, that nearly identical conditions of home confinement "will not sufficiently mitigate against the flight risk presented." ECF No. 15 at 10. "Minimiz[ing]" the defendant's flight risk is insufficient when that risk is as high as the defendant's.

**B. The Volume and Complexity of Discovery is Not Material to Risk of Flight.**

Many defendants, in this courthouse and across the country, are detained in cases that involve complex and voluminous discovery. Recently, defendants charged with offenses at the Capitol on January 6th received a high volume of discovery relevant to their cases. Yet, this alone was not sufficient to militate in favor of release. See *United States v. Krol*, 642 F. Supp. 3d 28, 45 (D.D.C. 2022) ("Although Krol himself may not be allowed access to electronic devices, his defense counsel has not averred that counsel is barred from bringing electronics into the jail to show Krol the relevant video evidence. The limitation on Krol's access, while inconvenient, does not lead the Court to conclude that release would be *necessary* for Krol to participate in his defense.") See also *United States v. Diaz Guillen*, No. 18-cr-80160, 2022 WL 4119741, at *1, *5 (S.D. Fla. Sept. 9, 2022) (denying temporary release despite difficulties with reviewing discovery

3

due to conditions and quarantine process due to COVID-19); *United States v. Persico*, No. S 84 CR 809, 1986 WL 3793, at *2 (S.D.N.Y. Mar. 27, 1986) (denying temporary release because defendant "has had ample time to prepare his defense, even given the practical limitations on his access to telephones and the Attorney Conference Room").

Moreover, the discovery is moving apace. The government has turned over the images of 16 devices seized at the search warrant execution in February, including three laptops, two iPads, and four iPhones, among other items. The government has disclosed the Federal Reserve OIG case files, photographs of the evidence taken during the search warrant execution, and exhibits used in the grand jury (labeled as "hot documents").[1]

The complexity and volume of discovery has no bearing on the risk of flight posed by the defendant if he were released into the community. As the government has argued in its initial brief, that risk is high and should be heeded by the Court.

## II.   If the Court Does Reopen the Detention Hearing, The Defendant Has Not Proven That He Would Not be A Flight Risk If Released Into the Community.

At the initial detention hearing, the government argued that the nature and circumstances of the offense, the defendant's characteristics, and the danger presented favor detention. Many of the government's, and the magistrate's, concerns are not cured by this proposal. No suitable third-party custodian has been proffered, which the magistrate noted in his findings was problematic at the first hearing. Detention Hearing Tr. 47: 19-20. No rebuttal has been raised to the government's argument that the defendant could flee to a non-extradition country, even while on GPS monitoring, as noted in the magistrate's findings. Detention Hearing Tr. 45: 24 – 46: 2. This

---

[1] The government can provide the Court with additional information *ex parte* and under seal regarding other portions of discovery.

concern is heightened in an economic espionage case where, as the magistrate noted, "there is a potential incentive for operatives in China to attempt to assist with flight because to the extent what the government alleges proves true, that implicates not only Mr. Rogers but the activities of China." Detention Hearing Tr. 46:23 – 47:2.  *See also* ECF No. 11 at 14 (describing how a defendant in *United States v. Shan Shi*, 17-cr-110-2 (CRC) fled to China after cutting his ankle monitor).

### III.   Conclusion

The defendant's motion provides no basis to reopen the detention hearing. In any event, a substantive review of the Bail Reform Act factors continue to militate in favor of detention. As a result, the government respectfully opposes the defendant's motion to reopen the detention hearing and for pre-trial release.

Respectfully submitted,

EDWARD R. MARTIN
UNITED STATES ATTORNEY

Dated: April 29, 2025        By:    /s/ *Kimberly L. Paschall*
KIMBERLY L. PASCHALL
D.C. Bar No. 1015665
Assistant United States Attorney
United States Attorney's Office for D.C.
601 D Street NW, Room 5.104
Washington, D.C. 20530
E-mail: Kimberly.Paschall@usdoj.gov
Telephone: (202) 252-2650


*/s/ Nicholas O. Hunter*
NICHOLAS O. HUNTER

5

                    D.C. Bar No. 1022355
                    Trial Attorney
                    National Security Division, U.S. Dep't of Justice
                    950 Pennsylvania Ave, NW
                    Washington, D.C. 20530
                    E-mail: nicholas.hunter@usdoj.gov
                    Telephone: (202) 353-3434