UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No.: 25-cr-00033 (DLF) |
| v. : | |
| : | |
| **JOHN HAROLD ROGERS,** : | |
| : | |
| : | |
| **Defendant.** : | |

## MOTION TO CORRECT TYPOGRAPHIC ERROR IN INDICTMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for an order to amend the operative indictment in this case, correcting a typographical error—specifically, to change "June 6, 2019" to "June 10, 2019" in paragraph 10.

The indictment describes Trade Secret 3 as "a document dated June 6, 2019, containing notes on a briefing to a member of the FRB, and designated FOMC Class II." Indictment ¶ 10(c). That description is accurate except for the date: the document is dated June 10, 2019. The government alerted defense counsel to the typographical error by telephone on August 6, 2025. In addition, the government provided the defense with a copy of the Trade Secret 3 document months earlier, on May 27, 2025, identifying it as one of the trade secrets. The requested change to the indictment does not alter the elements of the charged offenses. Trial is scheduled to begin on January 20, 2026.

An indictment may be amended by a court, without resubmission to the grand jury, when the change is "merely a matter of form." *See United States v. Bell*, 811 F. App'x 7, 8 (D.C. Cir. 2020) (quoting *Russell v. United States*, 369 U.S. 749, 770 (1962)). "An amendment of form and

not of substance occurs when the defendant is not misled in any sense, is not subjected to any added burden and is not otherwise prejudiced." *Id.* (quoting *United States v. Kegler*, 724 F.2d 190, 194 (D.C. Cir. 1983)); *see also United States v. Bush*, 659 F.2d 163, 167 (D.C. Cir. 1981) (amendment may permissibly "correct a clerical error plainly insignificant in nature" if the defendant was not "misled by the miscue"). The D.C. Circuit, in *United States v. Bell*, 811 F. App'x 7, found no error and affirmed the defendant's conviction where the district court had amended a typo in the superseding indictment, correcting a reference to the wrong-numbered charge. *Id.* at 7. Similarly, in *United States v. Bush*, 659 F.2d 163, the D.C. Circuit upheld a defendant's convictions, where the district court amended multiple references to "Form 1080" to correctly read "Form 1038." *Bush,* 659 F.2d at 164-165. The Court in *Bush* cited with approval other cases where a district court corrected language in an indictment, including changing "30-30 caliber revolver" to "30-30 caliber rifle," *id.* at 166 (citing *United States v. Powers*, 572 F.2d 146, 152 (8th Cir. 1978)), and changing "$20" to "$10" in describing a counterfeit bill, *id.* (citing *Heisler v. United States*, 394 F.2d 692 (9th Cir. 1968)). The *Bush* Court noted that such changes are usually upheld where "the substance of the charge [is] left totally unaffected, and the prerogative of the grand jury [is] not usurped one whit." *Id.* (citing *United States v. Denny*, 165 F.2d 668, 670 (7$^\text{th}$ Cir. 1947)).

      Here, the requested amendment to the indictment is minor, going to form, not substance. Indeed, the defense has not been misled. Except for the date, the indictment accurately describes the document, and the government notified the defense of the typographical error *and* provided a copy of the document itself months before trial. Moreover, the change in date is minor, amounting to a mere four days, not months or years. Also, the requested amendment does not place any greater burden on the defense, as the criminal charges and their elements remain unchanged. Thus,

the requested amendment does not usurp the prerogative of the grand jury "one whit." *See id.* at 166. Thus, the amendment is proper and may be made by the Court without resubmission to a grand jury.

For the foregoing reasons, the motion to amend should be granted.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

Dated: August 19, 2025                    */s/ Thomas N. Saunders*
                                          Thomas N. Saunders
                                          Assistant United States Attorney
                                          N.Y. Bar No. 4876975
                                          National Security Section
                                          601 D Street, NW, Room 5-120
                                          Washington, D.C. 20530
                                          Office: 202-252-7790
                                          Email: thomas.saunders@usdoj.gov