UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No.:  25-cr-00033 (DLF) |
| v. : | |
| : | |
| JOHN HAROLD ROGERS, : | |
| : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S NOTICE OF OTHER BAD ACTS EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this notice of its intent to introduce at trial evidence of other wrongs or bad acts under Federal Rule of Evidence 404(b). Defendant Rogers is charged in Count 2 with making a materially false statement to the Federal Reserve Board Office of the Inspector General (the "OIG"), in violation of 18 U.S.C. § 1001. This charge relates to statements that the defendant made on February 4, 2020, when he was interviewed by members of the OIG. The interview was prompted by the defendant informing the Federal Reserve that he was being blackmailed. The defendant reported that blackmailers were threatening, *inter alia*, to publish intimate photographs of him. During the interview, the defendant first denied having taken intimate photographs of himself,[1] and then suggested it might have happened more than three years ago when he was using dating websites.[2] Evidence shows that the defendant was indeed being blackmailed, but not by the Chinese government or its agents. Rather, the OIG determined that:

> [The defendant] used his Board-issued iPhone and personal iPad to
> solicit sexual media from numerous individuals and to send them

---

[1] Transcript at 10 of 102 (Q: "Has anyone ever taken a nude photo of you?" A: "No, not, not that I'm aware of. I'm wracking my brain on this. I'm just thinking back to those dating website days.")
[2] Transcript 10 of 102 (The defendant: "I, I would not rule it out…. [S]o when I started [using dating websites], yeah, so that [was] basically literally 3 years ago.")

> nude and clothed photos of himself. Some of these photos showed his face, were likely taken on Board property during business hours, and could have identified him as a Board employee. Some of the exchanges included or linked to Rogers's personal, employment, and family information, which was then cited in the threatening emails.

Ultimately, these findings led to the defendant being allowed to leave the Federal Reserve by a date certain, in lieu of being fired. Circumstances suggest that the blackmailers were likely overseas, possibly in the Ivory Coast, and that they posed online as one or more potential love interests to communicate with Rogers or other potential victims. They then formulated their blackmail messages based on photographs and information that the defendant had provided them, as well as additional photographs and information about the defendant and his family that they were able to find on the Internet.

The government intends to introduce this evidence for non-propensity purposes and to frame it in a way to minimize undue prejudice (*e.g.*, the government does not intend to introduce into evidence any of the intimate photographs). The information will be elicited at trial primarily through the testimony of Special Agent Alan Hershkowitz of the Office of Inspector General at the Federal Reserve, who conducted the February 4, 2020 interview, and through the audio recording and transcript of the interview. The information is relevant for multiple reasons, including but not limited to the following. It is essential for understanding the context of the February 8, 2020 interview, which forms the basis of Count 2; for understanding the questions asked and answers given during that interview; for understanding the defendant's state of mind, motivations, and *mens rea* during that interview; for understanding the chain of custody of evidence that the defendant agreed to provide to the OIG during that interview (specifically, allowing the OIG to make a copy of his iPad hard drive); for explaining why the defendant's

employment at the Federal Reserve was terminated; and to neutralize any effort to suggest that the defendant's criminal conduct was the product of duress stemming from the blackmail threats.

The government may also seek to introduce evidence that the defendant, without authorization, drafted letters on Federal Reserve letterhead to be used to persuade U.S. immigration authorities to issue tourist visas to multiple Chinese nationals.

                                         Respectfully submitted,

                                         JEANINE FERRIS PIRRO
                                         United States Attorney

Dated: December 5, 2025               */s/ Thomas N. Saunders*
                                         Thomas N. Saunders
                                         Assistant United States Attorney
                                         N.Y. Bar No. 4876975
                                         National Security Section
                                         601 D Street, NW, Room 5-120
                                         Washington, D.C.  20530
                                         Office: 202-252-7790
                                         Email: thomas.saunders@usdoj.gov