UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN HAROLD ROGERS,<br><br>Defendant. | Case No. 25-cr-033 (DLF) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE FOR *BRADY MATERIALS*

### THE MOTION

Defendant asks the Court to order the government to provide to the defense a specific designation of all *Brady* material contained in the discovery documents provided by the government to the defense no later than January 9, 2026, the same day the parties are due to exchange exhibits.

### THE AUTHORITY

Fed. R. Crim. P. 16(a)(1)(E) provides as follows:

(E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
    (i) the item is material to preparing the defense;
    (ii) the government intends to use the item in its case-in-chief at trial; or
    (iii) the item was obtained from or belongs to the defendant.

From the beginning of this criminal case, the government has proceeded on the false premise that by inundating Defendant with all its collected evidence it satisfies its obligations under Fed. R. Crim. P. 16. The government's "rolling" discovery has left Defendant no choice but to

1

consent to continuances and the tolling of Defendant's speedy trial rights.  By June 20, 2025, the government had provided Defendant approximately 362,527 pages of discovery in seven separate batches of government production.  Excluding documents detailing communications between Defendant and others while in custody, beginning on December 8, 2025, the government provided Defendant with five additional productions of documents totaling 25,813 pages.  In total, the government has produced over 388,340 pages[1] of discovery.

| Production No.: | Date Produced: | No. of Pages: |
|---|---|---|
| 9 | 12/8/25 | 2,177 |
| 10 | 12/10/25 | 42 |
| 11 | 12/11/2025 & 12/16/2025 (revised) | 22,963 |
| 12 | 12/16/25 | 600 |
| 13 | 12/20/25 | 31 |
|  |  |  |
|  | TOTAL: | 25,813 |

Regarding Production 11, in the government's letter dated December 11, 2025, the government identifies the materials as "returns from search warrants on ▮▮▮▮▮▮▮▮ and aegjrogers@gmail.com that the government recently discovered were not previously produced due to a data-processing error," all of which have been designated by the government as sensitive pursuant to this Court's productive order.  Ex. A – USA Production 9-13 Letters p. 7.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Considering that some of the Defendant's

---

[1] This does not include the discovery provided in Production Eight, which consisted of seven Excel worksheets and seventeen video files.

emails and ▇▇▇▇▇▇▇▇▇▇ emails had been produced in earlier productions and given their readily apparent relevance to the case, the government's claimed "data-processing error" is highly unusual.  Whether or not these emails were not disclosed as a result of error or discovery manipulation, their late disclosure in this document-heavy case has imposed an unwarranted late-in-the-game burden on the defense.

Given the magnitude of the documents produced to the defense and their timing, there is substantial authority in this district for the Court to order the government to specify the exculpatory *Brady* material in the discovery documents it has provided to the defense.  *Brady v. Maryland*, 373 U.S. 83 (1963).  In *United States v. Saffarinia*, 424 F. Supp. 3d 46, 86 (2020), the Court agree[d] with Mr. Saffarinia that the government's Brady obligations require it to identify any known Brady material to the extent that the government knows of any such material in its production of approximately 3.5 million pages of documents." *Saffarinia* relied on *United States v. Hsia*, 24 F. Supp. 2d 14, 29-30 (D.D.C. 1998), in which Judge Paul L. Friedman ordered that "[t]o the extent that the government knows of any documents or statements that constitute *Brady* material, it must identify that material to [the defendant]."  *See also United States v. Sheppard*, 2022 U.S. Dist. LEXIS 232610 at *40.

Although *Saffarinia* and *Hsia* each involved more pages of documents than the instant case, the defense here has likewise been required to contend with a massive volume of materials produced on a rolling basis.  Defense counsel asked the government on Friday, December 26, 2025, whether the government intended to designate *Brady* material at the time it produced the documents on which it intends to rely in its case-in-chief.  The government responded: "The government's *Brady* obligations have been fulfilled by the discovery it has provide.  The government is not required to label or otherwise identify the material in the discovery that could be considered *Brady*

material."

In reliance on *Saffarinia*, *Hsia*, and *Sheppard*, Defendant asks the Court to order that, to the extent the government knows of any documents or statements that constitute *Brady* material, the government must identify that material to Defendant on or before January 9, 2026.

December 29, 2025                                          Respectfully submitted,


/s/ Stephen A. Saltzburg
Stephen A. Saltzburg (D.C. Bar No. 156844)
2000 H Street, NW
Washington, DC 20052
Tel.: (202) 994-7089
Fax: (202) 994-9811
Email: sasaltz@law.gwu.edu


/s/ Jonathan K. Gitlen
Jonathan K. Gitlen (D.C. Bar No. 990918)
Law Office of Jonathan K. Gitlen PLLC
900 19th Street, NW, Suite 500
Washington, DC 20006
Tel.: (202) 568-5788
Fax: (202) 301-8556
Email: jonathan.gitlen@jgitlenlaw.com

*Counsel for Defendant*