UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No.:  25-cr-00033 (DLF) |
| **v.** : | |
| : | |
| **JOHN HAROLD ROGERS,** : | |
| : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE DEFENDANT'S PROPOSED EXPERT OPINION TESTIMONY**

Defendant's Opposition to the Government's Motion in Limine to Exclude Defendant's Proposed Expert Opinion Testimony of Professors Swanson and Engel fails to substantively respond to the Government's arguments and largely repeats the proposed experts' credentials and professional experiences without grappling with the objections raised by the Government.  As stated in the Government's Motion, Defendant's Rule 16 Notice lacks the "bases and reasons" for the experts' opinions.[1]  *See* Dkt. No. 48 at 3-4.  And the proposed expert opinion testimony itself is unreliable, impermissible legal conclusion, and impermissible opinion about Defendant's credibility and mental state.  *See generally id.*  Lastly, even if Defendant's deficient notice could be remedied and a *Daubert* hearing satisfies the Court's gatekeeping role as to reliability and relevance, the proposed testimony should still be excluded under Federal Rule of Evidence 403

---

[1] With Defendant's clarification that neither Professor Swanson nor Professor Engel has testified in the last four years as an expert witness, the Government withdraws its objection to that aspect of Defendant's Rule 16 Notice.  For the sake of clarity regarding the Government's Rule 16 Notice, it notes that Dr. Setser, Mr. Greene, and Mr. Kistler have not testified as an expert witness at trial or by deposition in the prior four years.

because the probative value of the proposed testimony is substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time. *Id.* at 11-13.[2]

*First*, Defendant's repetition of Professor Swanson's and Engel's qualifications still does not explain what the "bases and reasons" are for their proposed opinions. This makes it difficult for the Government and the Court to determine if their proposed expert opinion testimony is sufficiently reliable to be heard by the jury. For example, Defendant reiterates that Professor Swanson worked at the Federal Reserve Board. But that was 20 years ago. And he still fails to "explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Atlanta Channel, Inc. v. Solomon*, 2020 WL 7013346, at *3 (D.D.C. Nov. 24, 2020). Not every Federal Reserve Board employee of the last twenty years is qualified to offer reliable expert opinion testimony about the topics Professor Swanson proposes to cover. Past employment alone is not enough. Similarly, Professor Swanson's publications about monetary policy and the Federal Reserve System's policy decisions do not establish a reliable basis for him to opine on the Federal Reserve Board's internal information security policies and the understanding of a typical Federal Reserve Board employee during the relevant time period.

Professor Engel's proposed testimony is likewise unreliable and most of it should be excluded on that basis. Defendant's Opposition repeats Professor Engel's academic qualifications and states in a conclusory fashion that he is "eminently qualified to testify on the basis of his experience and personal knowledge . . . ." Opp. at 5. Defendant fails to clarify, however, whether

---

[2] Defendant's Opposition is silent on the Government's objection based on Rule 403. Defendant simply makes a conclusory assertion that the proposed testimony is relevant. *See* Opp. to Gov't Mot. In Limine (Dkt. No. 49) at 6. Accordingly, the Court may consider the argument conceded. *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014).

Professor Engel's opinions about what Defendant worked on at the Federal Reserve Board and whether it was reasonable for Defendant to possess Trade Secrets 2, 3, and 4 is based on anything more than what Defendant told him. *See* Mot. at 9-11. If that is the sole basis for his opinion, such testimony is not proper expert opinion testimony under Rule 702.

*Second*, Professor Swanson's proposed opinions about whether any of the information that the Federal Reserve Board possesses can constitute trade secrets under 18 U.S.C. § 1831 and whether a Federal Reserve Board employee like Defendant could "knowingly" misappropriate trade secrets are impermissible legal conclusions and testimony about Defendant's mental state that constitutes an element of the crime. Mot. at 6-8. Defendant's Opposition primarily focuses on Professor Swanson's opinions about Trade Secrets 5 and 6,[3] but his expert notice and his Opposition make clear that he plans to testify much more broadly. He plans to testify that none of the information that the Federal Reserve Board possesses could ever constitute a trade secret under the law. *See, e.g.*, Opp. at 3 ("He has the experience and first-hand knowledge to testify to whether the Federal Reserve has trade secrets."). Such a conclusion is core jury territory and "does not *aid* the jury in making a decision, but rather attempts to substitute" Professor Swanson's opinion for the jury's finding. *United States v. Duncan*, 42 F.3d 97, 1010 (2d Cir. 1994) (emphasis in original). Such testimony also is likely to confuse the jury, because as the parties have explained in their briefing on various issues, the relevant question for the jury to decide on the inchoate offense of conspiracy to commit economic espionage is whether Defendant conspired to misappropriate what he believed were trade secrets, not whether he, in fact, misappropriated trade secrets or whether the Federal Reserve Board had any trade secrets to misappropriate in the first place. *See, e.g.*, Dkt.

---

[3] As the Government has already told Defendant, the Government does not plan to argue at trial that the documents referred to as Trade Secrets 5 and 6 in the Indictment are trade secrets, so Professor Swanson's testimony about those documents has low probative value.

No. 40-1 at 32 (describing what jury must find regarding Defendant's Mens Rea for Conspiracy to Commit Economic Espionage).

In sum, the proposed expert opinion testimony of Professors Swanson and Engel is unreliable, largely irrelevant, and likely to confuse and mislead the jury. It also extends well beyond the scope of permissible expert opinion testimony under Rule 702 and will waste time. Accordingly, their proposed expert opinion testimony should be excluded. At a minimum, the Court should hold a *Daubert* hearing to satisfy its gatekeeping function.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Adam P. Barry*
ADAM P. BARRY
Cal. Bar No. 294449
Thomas N. Saunders
N.Y. Bar No. 4876975
Assistant United States Attorneys
National Security Section
601 D Street, NW
Washington, D.C. 20530
Office: 202-252-7793
Email: adam.barry@usdoj.gov;
thomas.saunders@usdoj.gov

Nicholas O. Hunter
D.C. Bar No. 1022355
Yifei Zheng
N.Y. Bar No. 5424957
Trial Attorneys
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C. 20530
Telephone: (202) 353-3434
E-mail: nicholas.hunter@usdoj.gov;
yifei.zheng@usdoj.gov
Telephone: (202) 353-3434