# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 25-cr-033 (DLF)** |
| **JOHN HAROLD ROGERS,** | |
| **Defendant.** | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRESENT TESTIMONY BY DEPOSITION OR VIDEO FEED OR TO DELAY THE TRIAL SO THAT A FOREIGN DEFENSE WITNESS'S DEPOSITION CAN BE TAKEN IN PERSON

Months ago, the defense contacted Huasheng Gao, a Chinese foreign national and Deputy Dean of Faculty and Research at the International School of Finance (FISF) in Fudan University, to learn whether he would be willing to be a witness in this case and to provide documents relating to Defendant's teaching at his University. Dean Gao informed us that he would need permission to testify (without indicating from whom such permission would be sought). Indeed, it appears that Article 277 of Chinese Civil Law prohibits attorneys to take depositions in China for use in foreign courts. *See Yan v. Zhou*, 2021 WL 4059478 *3 (E.D.N.Y. Sept. 7, 2021). The defense reminded Dean Gao on several occasions of the trial date and need for the defense to know both whether he would be a witness and would provide documents. He ignored a number of inquiries, leaving the defense with no confidence that he would get permission and agree to testify.

Only today did the defense learn that Dean Gao is willing to testify, but is not allowed to come to the United States. Despite Dean Gao's preference to testify in Shanghai, he believes it will be necessary to travel to Hong Kong. *See Shenzen Synergy Digital Co., Ltd. v. Mingtel, Inc.*, 2021 WL 6072565 *3 (E.D. Tex. Dec. 23, 2021) ("In fact, in further recognition that Macau and Hong

Kong are distinct from mainland China, in-person and video depositions of Chinese nationalists have long been conducted from these places for use in the United States.")

Now that Dean Gao is willing to testify, Dean Gao is an important fact witness for Defendant. It was Dean Gao who made the offer to Defendant to teach at Fudan and suggested that he apply for a grant that was awarded to Defendant, which is likely to be important evidence at trial because the government has argued and alleged that Defendant's compensation was the *quid pro quo* for economic espionage. The relevance of his testimony is clear.

Now that he is willing to testify but the defense cannot subpoena him, the defense asks that the Court permit him to be deposed virtually so that his deposition will not delay the trial or to testify virtually during the trial if that is feasible.

There is precedent in this jurisdiction for the taking of a deposition under the circumstances presented here. In *United States v.Khattallah*, 282 F.Supp.3d 279 (D.D.C. 2017), it was the government that moved to admit a pretrial deposition of a witness in Cairo, Egypt pursuant to Federal Rule of Criminal Procedure 15. Section (a)(1) of that rule provides in relevant part:

> In General. A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

Section 15(3)(c) provides in relevant part:

> **(3) Taking Depositions Outside the United States Without the Defendant's Presence.** The deposition of a witness who is outside the United States may be taken without the defendant's presence if the court makes case-specific findings of all the following: . . .
>
> (E) the defendant can meaningfully participate in the deposition through reasonable means.

The court described the conditions in which the deposition was taken as follows:

> The Court oversaw the deposition and ruled on objections by videoconference from its courtroom in Washington, D.C., where Abu Khatallah was present with defense counsel. The Defendant and his counsel in Washington were able to view the proceedings in Cairo and to communicate by telephone with his counsel there. The deposition was video recorded in full.

*Id*. at 281.

Because the government was seeking to use the deposition against the defendant in Khattallah, the court took pains to assure that the defendant's Sixth Amendment right to confrontation was protected. The court concluded that "the timing and circumstances of the deposition gave the defense ample opportunity to conduct a vigorous cross-examination—an opportunity that it did not squander." *Id.* at 283.

More recently, in *United States v. Trabelski*, 2023 WL 4341429, the government sought to depose a witness outside the United States in France. The court approved the taking of the deposition and outlined the procedures to be employed and authority for the deposition:

> Although Trabelsi "cannot be present" in France, the parties have worked diligently to ensure that he "can meaningfully participate in the deposition though reasonable means." Fed. R. Crim. P. 15(c)(3)(E). Trabelsi will be present in the U.S. courthouse and will himself ask questions—translated by court-certified French-English interpreters—of the witness via Zoom. Dkt. 576 at 3 (Status Report). And "[a]t all times[,] Mr. Trabelsi [will] be able to see the witness and observe her demeanor." *Id.* During the deposition, "[o]ne camera will face the person posing questions," including Trabelsi when is doing so, and "[t]he second camera will face the video monitor showing Ms. Amal." *Id.*; *see United States v. Ahmed*, No. 12-cr-661, 2014 WL 7399298, at *1 (E.D.N.Y. Dec. 30, 2014) (noting under a Rule 15(c)(3)(E) inquiry, that "defendants will 'virtually' participate via contemporaneous live-streaming video"). One of Trabelsi's standby counsel, moreover, will be present in the French courthouse with the witness, and the other will be present with Mr. Trabelsi at the U.S. courthouse in the District of Columbia. Standby counsel will be able to "communicate via text, email, or other electronic messaging platform" with one another

"during the testimony," Dkt. 576 at 3, and thus standby counsel in France will be able to communicate confidentially with Mr. Trabelsi in real time.

Since it is the defense seeking to obtain the deposition for use against the government, there are no confrontation issues to complicate matters. The defense submits that it would be possible for the Court to supervise a virtual deposition in which the witness would be present in Hong Kong while the parties and the Court arrange to conduct the deposition in the District of Columbia. A deposition that would be video recorded in full would be preferable to virtual testimony because any objections or video problems could be reconciled without burdening the jury or wasting time.

It would also be possible to arrange a live deposition to be video-recorded in Hong Kong with Defendant participating here in the courtroom. It is doubtful, however, that such could be accomplished without delaying the trial. Since Defendant remains incarcerated, he does not want to see the trial delayed. If the Court believes that a live deposition is required, the parties could designate counsel other than trial counsel to conduct the deposition in Hong Kong with Defendant present remotely as in both *Khattallah* and *Trabelski*. Because the government will put its evidence on first, the deposition could be completed before the defense is given the opportunity to offer evidence.

 January 7, 2026                              Respectfully submitted,


                                             /s/ Stephen A. Saltzburg
                                             Stephen A. Saltzburg (D.C. Bar No. 156844)
                                             2000 H Street, NW
                                             Washington, DC 20052
                                             Tel.: (202) 994-7089
                                             Fax: (202) 994-9811
                                             Email: sasaltz@law.gwu.edu

/s/ Jonathan K. Gitlen
Jonathan K. Gitlen (D.C. Bar No. 990918)
Law Office of Jonathan K. Gitlen PLLC
900 19th Street, NW, Suite 500
Washington, DC 20006
Tel.: (202) 568-5788
Fax: (202) 301-8556
Email: jonathan.gitlen@jgitlenlaw.com


*Counsel for Defendant*