UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Case No.: 25-cr-00033 (DLF) |
| v. | : |
| | : |
| JOHN HAROLD ROGERS, | : |
| | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO TAKE
A DEPOSITION OR PRESENT REMOTE VIDEO TESTIMONY OR DELAY TRIAL**

Without even attempting to satisfy—let alone acknowledging—the international and domestic legal standards for obtaining a Rule 15 deposition or presenting remote testimony from a foreign country, the defense moves at the eleventh hour to take such testimony or delay the trial. All because a man in China named Huasheng Gao suddenly changed his mind about his willingness to testify. But it is too late for the defendant's gamesmanship. He has not shown that Gao is unavailable or that there are any other exceptional circumstances that would permit the taking of a Rule 15 deposition or call for remote testimony. Nor has the defendant explained how the Court could take such testimony in compliance with international and domestic law or in way that would preserve the integrity of the proceedings. The concern over the integrity of the proceedings is especially acute here where the defendant is proposing remote testimony from a country whose agents are unindicted co-conspirators in this case and if it so desired, the Chinese government could interfere with the proposed witness's testimony by, for example, exerting undue influence on him to lie. In all events, the defendant still has about three weeks to secure Gao's live, in-person testimony so the court and the jury can fully receive it and assess Gao's credibility in person.

Gao's purportedly last-minute change of heart about testifying for the defendant is not an exceptional circumstance. And the Court should not set a precedent of permitting out-of-court testimony from witnesses not subject to U.S. perjury laws merely because a witness waits until the last minute to agree to testify while claiming they are "not allowed to come to the United States." Def. Mot. (Dkt. 59-1) at 1. Allowing such gamesmanship would permit hostile foreign nations like the People's Republic of China ("PRC")—which employs and likely controls Gao—to manipulate U.S. court proceedings and turn the solemn occasion of a criminal trial into mockery where foreign-government-controlled witnesses can phone in their testimony beyond the reach of U.S. law and lie with impunity.

If the Court were to nonetheless order remote testimony from China in some fashion, the government requests specific conditions that would promote the integrity of the proceedings, described in more detail below.

**A. The Defendant Has Not Complied with International Legal Obligations Required to Take Testimony Remotely from the PRC by Deposition or Live Feed**

The U.S. Department of States's website states the requirements for U.S. criminal defendant's to obtain evidence from Hong Kong: "The U.S. Department of State expects criminal defendants, or their defense counsel, who wish to request judicial assistance in obtaining evidence or in effecting service of documents abroad in connection with criminal matters to make such requests via the letters rogatory process." U.S. Dep't of State, "Hong Kong Judicial Assistance Information," *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/HongKong.html.

The State Department also provides information about "Taking Voluntary Depositions of Willing Witnesses":

> In Hong Kong, consular officers may take voluntary depositions of U.S. citizen witnesses without prior permission from Hong Kong authorities, provided no compulsion is used. If the services of a U.S. consular officer are required to administer an oath to the witness, interpreter and stenographer, such arrangements must be made in advance with the U.S. Consulate General directly. Consistent with Hong Kong's declarations and reservations regarding the Hague Evidence Convention, *consular officers are prohibited from taking voluntary depositions of non-U.S. citizen witnesses*. As an alternative, *if prior permission is granted by Hong Kong's Competent Authority*, voluntary depositions may be conducted by commissioners in Hong Kong regardless of the nationality of the witness, provided no compulsion is used.

*Id.* (emphases added).

The government confirmed as much with the Department of Justice's Office of International Affairs ("OIA"). OIA confirmed that the Mutual Legal Assistance Agreement the United States had with Hong Kong—which enables *the government* to request assistance—has been suspended as of 2020, when the PRC imposed a sweeping national security law on Hong Kong effectively ending its status as an autonomous region. According to OIA:

> [M]oving forward with depositions/testimony without official approval from [Hong Kong] authorities would probably be viewed as a violation of their sovereignty. Also, under Chinese and [Hong Kong] blocking statutes, they can potentially punish people for providing assistance to foreign governments without their government's permission. I imagine the letter rogatory relationship, for defense requests, presents similar difficulties.

Given the lack of a relationship between Hong Kong and the United States for even government requests for assistance, OIA confirmed that the defendant should make a letter rogatory request to Hong Kong, and there is "no likely circumstance that [the prosecutors] could obtain permission to travel there for the deposition," as they would request to do in the case of a Rule 15 deposition.

The State Department's warning with respect to taking voluntary depositions in China—which now fully controls Hong Kong—is even more pointed:

> China does **not** permit attorneys to take depositions in China for use in foreign courts. Under its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China

3

>has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention.  Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants.[1]

Neither the defendant, his counsel, or Gao has sought letters rogatory or attempted to obtain the appropriate permissions from Hong Kong (or PRC) authorities to conduct a remote deposition or have the Court receive testimony from a Hong Kong or PRC video feed during trial.  The Court, therefore, cannot grant the defendant's request without violating Hong Kong or PRC law and potentially subjecting Gao and the U.S. attorneys to punishment in Hong Kong or the PRC.

### B. The Defendant Has Not Met the Standard to Obtain a Rule 15 Deposition

Unlike federal civil litigation, depositions in criminal cases are disfavored and are not available absent "exceptional circumstances" and express permission of the court upon motion. *See generally United States v. Kelley*, 36 F.3d 1118, 1124 (D.C. Cir. 1994).  *See* Fed. R. Crim. P. 15(a)(1).  Depositions in federal criminal cases, therefore, are rare and only available upon motion to the court, when the movant establishes that the specific conditions set forth in Rule 15 exist. The criteria for ordering a deposition outside of the United States in a case involving an in-custody defendant is especially demanding.  Under Rule 15(c)(3), the Court must make "case-specific findings" of several facts prior to ordering such a deposition where the defendant would not be present.  Those findings include (A) that "the witness's testimony could provide substantial proof of a material fact," (B) that "there is a substantial likelihood that the witness's attendance at trial

---

[1] U.S. Dep't of State, China Judicial Assistance Information,https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html

4

cannot be obtained," and (C) "the witness's presence for a deposition in the United States cannot be obtained."

"[T]he party seeking the deposition bears the burden of demonstrating that 'exceptional circumstances' necessitate the preservation of testimony through a deposition." *Kelley*, 36 F.3d at 1124.  "[A] showing of exceptional circumstances must be considerably more concrete and particularized than mere speculation." *United States v. Morrison*, 946 F.2d 484, 490 (7th Cir. 1991).  Rule 15 depositions in foreign countries are particularly fraught.  *See, e.g.*, *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) ("[B]ecause of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect and, consequently, not favored.").  For defense-requested depositions, "there is typically some showing, beyond 'unsubstantiated speculation,' that the evidence exculpates the defendant." *Kelley*, 36 F.3d at 1125.

When considering whether a witness is "unavailable" for purposes of determining whether exceptional circumstances exist under Rule 15, it is proper to refer to Federal Rule of Evidence 804(a).  *See* Fed. R. Crim. Proc. 15(e) (subsection regarding use of deposition at trial citing to FRE 804(a)'s unavailability criteria); *see also United States v. Sanford, Ltd.*, 860 F. Supp. 2d 1, 12 (D.D.C. 2012).  In the context of the witness proffered by the defendant, Rule 804(a)(5) is most applicable, allowing a finding of unavailability if the witness "is absent . . . and the . . . proponent has not been able, by process or other reasonable means, to procure the [witness's attendance]." Fed. R. Evid. 804(a)(5).  This requires more than a conclusory statement, as here, that a witness "is not allowed to come to the United States." *See United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984) ("Unavailability is to be determined according to the practical standard of whether

5

under the circumstances the [movant] has made a good-faith effort to produce the person to testify at trial.").

The defendant has not shown that he has made a good faith or reasonable effort to procure Gao's presence and is unable to do so. Instead, the defense all but admits it has made no good faith effort to secure Gao's presence at trial because "only [yesterday] did the defense learn that Dean Gao is willing to testify." Def. Mot. (Dkt. 59-1) at 1. Instead of seeking to secure his presence—which is still not required for weeks—the defense filed a motion essentially claiming an unencumbered right to have overseas witnesses phone in their testimony to a U.S. federal criminal trial.

Moreover, the Court has no evidence to establish Gao's unavailability other than the defendant's attorney statement that "Gao is not allowed to come to the United States." *Id.* Why not? Who is stopping him? His wife? The PRC Government? Is he not allowed to come to the United States because he waited too long to confirm his willingness to testify and now cannot procure a visa in time? That would be a convenient way for foreign witnesses to lie for defendants in U.S. criminal proceedings without fear of prosecution for perjury: refuse to testify until the last minute, then phone it in during trial because a visa cannot be procured in time. Such gamesmanship would make a mockery of U.S. judicial proceedings by foreign adversaries like the PRC. The PRC would relish the opportunity to provide consequence-free perjured testimony in U.S. courts to help defendants who have committed espionage for it. Allowing such craftiness by defendants and their witnesses does not further the ends of justice. The defense has not even stated that Gao is *unwilling* to travel to the United States to testify at the defendant's trial. The defendant's motion lacks sufficient detail to allow the Court to make the "case-specific findings" that Rule 15 requires.

6

If the Court finds, however, that "exceptional circumstances" exist and that a Rule 15 deposition of Gao is "in the interest of justice," then any proposed deposition must still follow the procedural requirements of Rule 15(e), which requires that it "be taken and filed in the same manner as a deposition in a civil action" (with several exceptions not directly at issue here). Federal Rule of Civil Procedure 28(b) states that overseas depositions can happen "(A) under an applicable treaty or convention; (B) under a letter of request, whether or not captioned a 'letter rogatory'; (C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or (D) before a person commissioned by the court to administer any necessary oath and take testimony." Fed. R. Civ. Proc. 28(b).

Defendant has not identified which of these provisions he intends to follow. The most appropriate appears to be a letter of request, which is commonly achieved through the "letter rogatory" process. "Letters rogatory are requests from courts in one country to the courts of another country requesting the performance of an act which, if done without the sanction of the foreign court, could constitute a violation of that country's sovereignty." U.S. Dep't of State, "Preparation of Letters Rogatory," *available at* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html. Again, however, the defendant has not started this process or made any filing with the court to obtain letters rogatory.

The other options provided for in Civil Rule 28(b) are not appropriate here. Option (A) provides no real alternative, since the relevant international agreements with Hong Kong require defendant to proceed via the letter rogatory process. As for option (C), the defendant has not explained how he would identify a person authorized under federal law to administer the oath in Hong Kong, and it seems unlikely that Hong Kong law would authorize an oath to be administered

when the letter rogatory process has not been followed. Finally, as for option (D), it would be inappropriate for the Court to "commission" a person to administer the oath and take testimony in Hong Kong when the letter rogatory process has not been followed.

In short, to comply with Rule 15, the defendant has not made the necessary showing to obtain a Rule 15 deposition and is not prepared to take a lawful deposition even if he had.

### C. The Defense Has Not Satisfied the Rigorous Standards Governing Remote Video Testimony During Trial

In the alternative, the defendant requests that Gao be permitted to remotely testify via video at trial. But, for similar reasons as stated above, that request should also be rejected. Remote testimony as proposed by the defendant is permitted "only when (1) the witness's testimony is material; (2) the [movant] has made good-faith and reasonable efforts to obtain the witness's presence and is unable to do so (that is, that the witness is 'unavailable' within the meaning of the case law); and (3) allowing testimony by such means furthers the interests of justice." *United States v. Buck*, 271 F. Supp. 3d 619, 622–23 (S.D.N.Y. 2017) (quoting *United States v. Mostafa*, 14 F. Supp. 3d 515, 521 (S.D.N.Y. 2014)).

There are commonsense rationales for that rule. A factfinder is best able to assess the truthfulness and reliability of a witness in the same room. *See, e.g.*, *Stoner v. Sowders*, 997 F.2d 209, 213 (6th Cir. 1993) ("The witness is not confronted in the courtroom situation. The immediacy of a living person is lost. In the most important affairs of life, people approach each other in person, and television is no substitute for direct personal contact."). Moreover, a judge administering the oath in a courtroom setting emphasizes the gravity of the witness's testimony; "[w]ithout the teeth of the penalty of perjury, the oath becomes nothing more than an empty recital." *United States v. Banki*, 2010 WL 1063453, at *2 (S.D.N.Y. 2010).

8

The defendant has not met the requirements to obtain remote testimony. Most notably, as explained above, the defendant has not shown that he has made a good faith or reasonable effort to procure Gao's presence and is unable to do so. Moreover, the particular facts of this case make the defendant's request to permit remote testimony from Hong Kong unlikely to further the "interests of justice." The defendant is charged with conspiring with agents of the PRC government to commit economic espionage. Two of his unindicted co-conspirators are associated with PRC government intelligence and security organizations. If Gao were permitted to testify remotely at trial from an unspecified location in Hong Kong, nothing prevents the PRC government from interfering with or controlling his testimony. The Court would have no ability to prevent a PRC government official from sitting off camera and directing Gao's answers, or at a minimum intimidating Gao to provide testify that portrays the PRC government in a positive light. Neither would the Court have any mechanism to ensure that Gao does not perjure himself. The defendant has not proposed that Gao be placed under oath by a U.S. official or that Gao be subject to any penalty should he lie. Under the defendant's proposal, the Court would not even be able to confirm that the man who appears on the camera feed is, in fact, Gao. Remote trial testimony is the exception, not the rule, and it should not be permitted here when the defendant's request lacks any "indicia of reliability" that in-person testimony affords. *Banki*, 2010 WL 1063453, at *2-3.

### D. If the Court Orders Testimony from China or Hong Kong in Any Form, the Order Should Include Procedural Safeguards.

As explained above, the defendant has not met the standard required for a Rule 15 deposition, and has not initiated the required letter rogatory process for obtaining deposition or other testimony from Hong Kong or China. If the Court nonetheless orders remote testimony in any form, the Court should mandate procedural safeguards to promote the integrity of the proceedings. The government maintains that there is *no* combination of safeguards that can

adequately promote the integrity of the proceedings if Gao is permitted to testify from China or Hong Kong via either deposition or video testimony. However, should the Court disagree,[2] safeguards should include the following:

- The Court remotely presides over the testimony as it occurs.

- If a deposition, the defendant would waive his presence at the deposition pursuant to Rule 15(c)(1)(A), in light of the logistical difficulties that would accompany transferring an in-custody defendant to China or Hong Kong to be present at the deposition. The Court should also make the findings required by Rule 15(c)(3).

- If remote testimony at trial or deposition testimony is admitted at trial, the Court should issue appropriate instructions to the jury before and after hearing any remote testimony that, unlike the witnesses testifying in person at trial, the witnesses in China or Hong Kong are testifying from outside of the Court's jurisdiction, and therefore are not subject to civil and criminal penalties for contempt of court or perjury.

- If a deposition, "[t]he scope and manner of the deposition examination and cross-examination must be the same as would be allowed during trial." Fed. R. Crim. P. 15(e)(2). In particular, the government would request adequate time for cross-examination (estimated as the duration of direct examination, or three hours, whichever is greater).

- If a deposition, any result of the deposition shall be subject to pre-trial determination of its admissibility at trial. *See* Fed. R. Crim. P. 15(f) ("An order authorizing a deposition to be taken under this rule does not determine its admissibility.")

E. **The Court Should Not Delay Trial to Accommodate Gao**

Trial has been set to begin on January 20, 2026, for months. The Court's schedule should not be subject to the whims of man in China who suddenly, without explanation, and at the last minute, has a change of heart about testifying. In any event, the start of trial is over 10 days away.

---

2 The government reiterates that evidence collection in China outside the letter rogatory process would violate international agreements, could place strain on U.S.-China diplomatic relations, and, according to the State Department, "could result in the arrest, detention or deportation of the American attorneys and other participants." U.S. Dep't of State, "China Judicial Assistance Page," *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html.

The government has estimated its case-in-chief to take two weeks. Even if the government concludes its case-in-chief a couple of days early, Gao still has roughly three weeks to travel to the United States. That is plenty of time if the defense and Gao were willing to make a good-faith effort to procure his presence here.

## CONCLUSION

Although foreign video testimony is appropriate in unusual circumstances, it can only take place in compliance with international law and after rigorous standards have been satisfied. Because neither of those criteria are satisfied here, the defense's request must be denied.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Nicholas Hunter*
NICHOLAS O. HUNTER
D.C. Bar No. 1022355
Yifei Zheng
N.Y. Bar No. 5424957
Trial Attorneys
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C. 20530
Telephone: (202) 353-3434
E-mail: nicholas.hunter@usdoj.gov
yifei.zheng@usdoj.gov

Adam P. Barry
Cal. Bar No. 294449
Thomas N. Saunders
N.Y. Bar No. 4876975
Assistant United States Attorneys
U.S. Attorney's Office, District of Columbia
601 D Street, NW
Washington, D.C. 20530
Office: 202-252-7793
Email:adam.barry@usdoj.gov
thomas.saunders@usdoj.gov