UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN HAROLD ROGERS,<br><br>**Defendant.** | Case No. 25-cr-033 (DLF) |

**DEFENDANT'S ADVANCE NOTICE REGARDING HEARSAY UNDER THE FEDERAL RULES OF EVIDENCE**

Based on a discussion with government counsel, the defense believes that it will avoid argument at trial if the defense sets out the applicable law governing statements by government employees and anticipates defense reliance on rule 801(c).

### I.     The Rule

One rule upon which Defendant will rely is Fed. R. Evid. 801(d)(2)(B), which in relevant part reads as follows:

> **(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
>
> **2)** *An Opposing Party's Statement*. The statement is offered against an opposing party and: * * *
>
> **(B)** is one the party manifested that it adopted or believed to be true; * * * .

The two requirements under the rule for a statement to be admitted are: (1) it must be offered against an opposing party, (2) it must be one that the party manifested that it adopted or believed to be true.

1

## II.     Circuit Case Law Regarding Rule 801(d)(2)(B)

In *United States v. Morgan*, 581 F.2d 933, 938 (D.C. Cir. 1978), the court addressed the government's argument that Rule 801(d)(2)(B) hold it inapplicable to the prosecution in criminal cases.  The court noted that various circuits had decided that Rule 801(d)(2)(D) did not mean that all statements by United States' employees were admissible against the government in criminal cases and reasoned that these cases did not address 801(d)(2)(B).

> Most basically, we think the government reads too much into the position taken by our sister Circuits. None of the cases on which it relies deals with the problem of out-of-court statements in which the government itself has manifested its "adoption or belief." Rather, to the extent these cases survive publication of the Federal Rules, a question we need not decide here, they establish only that the prosecution is excepted from the general rule that admissions made by an agent during the course of the agency and concerning matters within the scope of the agency are binding on his principal. Clearly, statements in which the government has manifested its "adoption or belief" stand on more solid ground than mere out-of-court assertions by a government agent. (Footnote omitted).

Accordingly, the defense believes that any statement by an employee of the Federal Reserve Board or the Federal Open Markets Committee as to which the government before the grand jury manifested a belief the statement was true is admissible against the government.

## III. Fed. R. Evid. 801(c)

Fed. R. Evid. 801(c) provides that hearsay under the Federal Rules of Evidence means a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.  By definition, statements that are not offered to prove the truth of the matter asserted are not hearsay.  The defense in this case might offer to prove that Defendant relied upon certain

statements made by Federal Reserve employees.  The defense position is that statements offered to prove reliance by Defendant are not being offered for their truth and thus are not hearsay.

Date: January 19, 2026                                   Respectfully submitted,

/s/ Stephen A. Saltzburg
Stephen A. Saltzburg (D.C. Bar No. 156844)
2000 H Street, NW
Washington, DC 20052
Tel.: (202) 994-7089, Fax: (202) 994-9811
Email: sasaltz@law.gwu.edu

/s/ Jonathan K. Gitlen
Jonathan K. Gitlen (D.C. Bar No. 990918)
Law Office of Jonathan K. Gitlen PLLC
900 19th Street, NW, Suite 500
Washington, DC 20006
Tel.: (202) 568-5788
Fax: (202) 301-8556
Email: jonathan.gitlen@jgitlenlaw.com