UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 25-cr-033 (DLF) |
| JOHN HAROLD ROGERS, | |
| Defendant. | |

### DEFENDANT'S ADVANCE NOTICE OF POSSIBLE OBJECTIONS

The defense has now received the government's witness list and is aware that FBI Special Agent Alex Ayris is listed as a witness. The defense has also had an opportunity to examine Agent Ayris's testimony before the grand jury and believes in that testimony he not only described his role in the investigation of the defendant but also offered a substantial number of expert opinions. Of course, the rules of evidence do not apply in a grand jury proceeding, but they do apply at trial. Because the government did not list Agent Ayris as one of its experts and provided no expert report, it is clear that Agent Ayris is being called as a lay witness. Accordingly, the defense intends to object pursuant to Fed. R. Evid. 701(c) to any testimony that goes beyond permissible lay witness testimony.

The United States Court of Appeals for the District of Columbia requires that lay opinion testimony be based on adequate objective foundations and personal observations from the current case and not on specialized knowledge gained from professional experience in other matters. In *United States v. Miller*, 738 F.3d 361, 371 (D.C. Cir. 2013), the court noted the difference between permissible impermissible testimony by a government agent testifying as a lay witness:

> This court has drawn a line between permissible lay opinion testimony under Federal Rule of Evidence 701 and expert opinion testimony under Rule 702. In {*United States] v.*

1

*Moore*, 651 F.3d [30], at 61 {D.C. Cir. 2011], the court held that a government agent could not "present lay opinion testimony about investigative techniques in general." Thus, "[a]n individual testifying about the operations of a drug conspiracy because of knowledge of that drug conspiracy ... should be admitted as a lay witness; an individual testifying about the operations of a drug conspiracy based on previous experiences with other drug conspiracies ... should be admitted as an expert." *United States v. (George) Wilson,* 605 F.3d 985, 1026 (D.C.Cir.2010). The court has "drawn that line because knowledge derived from previous professional experience falls squarely 'within the scope of Rule 702' and thus by definition outside of 701." *United States v. Smith,* 640 F.3d 358, 365 (D.C.Cir.2011) (quoting Fed.R.Evid. 701(c)).

In *United States v. Hampton*, 718 F.3d 978, 981-982 (D.C. Cir. 2013), the court explained the importance of enforcing the line between lay and expert opinion:

Enforcement of Rule 701's criteria thus ensures that the jury has the information it needs to conduct an independent assessment of lay opinion testimony. Judicial scrutiny of a law-enforcement witness's purported basis for lay opinion is especially important because of the risk that the jury will defer to the officer's superior knowledge of the case and past experiences with similar crimes.

January 19, 2026                                             Respectfully submitted,


/s/ Stephen A. Saltzburg
Stephen A. Saltzburg (D.C. Bar No. 156844)
2000 H Street, NW
Washington, DC 20052
Tel.: (202) 994-7089, Fax: (202) 994-9811
Email: sasaltz@law.gwu.edu


/s/ Jonathan K. Gitlen
Jonathan K. Gitlen (D.C. Bar No. 990918)
Law Office of Jonathan K. Gitlen PLLC
900 19th Street, NW, Suite 500
Washington, DC 20006
Tel.: (202) 568-5788
Fax: (202) 301-8556
Email: jonathan.gitlen@jgitlenlaw.com