UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN HAROLD ROGERS,<br><br>Defendant. | Case No. 25-cr-033 (DLF) |

**MOTION FOR RELEASE PENDING SENTENCING**

COMES NOW Defendant John Harold Rogers, by and through the undersigned counsel, and pursuant to 18 U.S.C. § 3143(a) and Federal Rule of Criminal Procedure 46(c), respectfully moves this Court for an order releasing Defendant.

**I.   INTRODUCTION**

On February 3, 2026, a jury found Defendant not guilty of Conspiracy to Commit Economic Espionage, 18 U.S.C. § 1831(a)(5), but guilty of False Statements to federal investigators, 18 U.S.C. § 1001.  (ECF No. 78).  This Court scheduled a sentencing hearing for May 27, 2026, at 10:00 a.m.

For the reasons set forth below, Defendant does not pose a flight risk, is not a danger to the community, and has already served more time in government custody than would likely be ordered by this Court at sentencing.

**II.   LEGAL STANDARD**

18 U.S.C. §3143(a)(1)[1] provides:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting

---

[1] Federal Rule of Criminal Procedure 46 states that 18 U.S.C. § 3143 governs release of a defendant pending sentencing or appeal, with the burden resting with the defendant to establish that the defendant will not flee or pose a danger to any other person or the community.

1

> imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3142(g) sets forth the factors to be considered:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

**III.     ARGUMENT**

    A.  Circumstances Have Changed Now that the Trial is Over

Post-trial, Defendant presents to the Court in a materially posture and can now establish by clear and convincing evidence that he is not likely to flee if released pending sentencing.[2] At the pretrial detention hearing, (ECF No. 15), and the subsequent minute order issued on May 1, 2025,

---

[2] At the Pretrial Detention Hearing and the government's memorandum in support of detention, the government had disclaimed any argument that Defendant's detention was based on dangerousness, *Or. Detention Pending Trial Addendum*, p. 1 (Feb. 5, 2025) (ECF No. 15), and nothing has changed in the intervening year to suggest otherwise, consequently, Defendant will focus on whether Defendant poses a flight risk.

2

the Court viewed Defendant's risk of flight as substantial, because Defendant faced a potential lifelong sentence, the seriousness of the government allegations regarding economic espionage, the lack of an extradition treaty with the PRC, and Defendant's substantial ties to the PRC in connection with the lead charge, Conspiracy to Commit Economic Espionage. With a not guilty verdict on the lead charge, the equities and the risk of flight now weigh in favor of release. Although a full and complete Presentence Investigation Report is being compiled for use at sentencing, the Pretrial Service Report completed by the Pretrial Services Agency recommended release on the basis that Defendant posed a low risk level. The same is true today.

    B. The Sentencing Guidelines Suggest that There Is No Incentive for Flight

The offense of false statements carries a much lower risk. The maximum sentence under the statute is five (5) years. False Statements is not a crime of violence, not a sex trafficking crime, not a federal crime of terrorism, does not involve a minor victim, and does not involve a controlled substance, firearm, explosive, or destructive device. Moreover, the Sentencing Guidelines appear to give Defendant a base offense level of 14, §2J1.2, a 2-level downward adjustment, under §4C1.1, and with a Criminal History Category I, yielding an advisory guideline range of 10 to 16 months. Defendant does not attempt to predict the sentence that the Court will ultimately decide is just in this case, but believes that it should reflect the fact that he has no prior criminal history.

    C. The Circumstances of the Offense Suggest Minimal Culpability

The Court is aware of the circumstances in which Defendant made the statement for which he was convicted on Count 2. He had used his Federal Reserve cell phone to take and exchange nude photos with unknown individuals on the web. When these individuals attempted to blackmail him and threatened to kidnap his daughter, Defendant consulted his supervisor who advised him to contact the Federal Reserve OIG. Defendant did as he was advised and was interviewed by Agents

3

Hershkowitz and Perez. Defendant was there to seek help in protecting his daughter and extricating himself from blackmail threats. When he answered "never" in response to a question about ever sharing sensitive Federal Reserve materials with any individuals outside the Federal Reserve, Defendant had not focused on the fact that he had shared a document designated FOMC Class II with a co-author a year-and-a-half before.

The reality that Defendant was not trying to hide information from the interviewers is apparent by his willingness to freely give government agents full access to his Federal Reserve phone, his personal iPad, and to his Gmail accounts. It was access to these accounts that enabled the government to discover that he had, in fact, shared a document designated FOMC Class II with a co-author a year-and-a-half before.

D.  Defendant and His Family Have Suffered from His Pre-Trial Detention

Defendant is a 64-year-old, Type-1 diabetic, and cancer survivor. Prior to Defendant's detention, Defendant had been the primary caregiver of Defendant's young daughter, who is seven years old. In fact, when FBI agents executed the arrest warrant, Defendant had just returned from taking his daughter to the bus stop. While Defendant and his wife maintain a home in Vienna, Virginia, Defendant's daughter attends the local public elementary school, Defendant's wife does not speak English fluently and still relies on various translation technology to communicate with others. In fact, one of the undersigned counsels provided assistance in reenrolling Defendant's daughter in school after Defendant's arrest.

Defendant also has ample ties to the local community. Prior to Defendant's arrest, Defendant lived in the Washington, DC metropolitan area for almost thirty (30) years. Defendant has four children from his prior marriage, two of whom live in the Washington, DC metropolitan area. Defendant's ex-wife, with whom Defendant maintains a cordial relationship, also lives in the

Washington, DC metropolitan area.  Along with other friends and family, Defendant has ample support and connection in the area.

Defendant also has a supportive family who have stood with him throughout the trial.  His brother and sisters were here for the trial and were present when the verdict was returned.  His elderly mother made it to the trial when it began.  His family has rallied around him and will continue to do so.  There is no way he would do anything to disappoint them.  His motivation is the opposite of flight; it is to rejoin his family.

Defendant has no history of drug or alcohol abuse, no criminal history, and has a flawless record concerning his appearance at court proceedings.  Lastly, the Defendant does not pose a danger to any person or the community if released pending sentencing.

## IV.     CONCLUSION

Defendant has been convicted of making one false statement to government investigators during a highly charged time some six (6) years ago.  The balance of equities clearly supports release.

Dated: February 10, 2026                                  Respectfully submitted,

/s/ Stephen A. Saltzburg
Stephen A. Saltzburg
2000 H Street, NW
Washington, DC 20052
Tel.: (202) 994-7089
Fax: (202) 994-9811
Email: sasaltz@law.gwu.edu

/s/ Jonathan K. Gitlen
Jonathan K. Gitlen
Law Office of Jonathan K. Gitlen PLLC
900 19th Street, NW, Suite 500

                                                Washington, DC 20006
                                                Tel.: (202) 568-5788
                                                Fax: (202) 301-8556
                                                Email: jonathan.gitlen@jgitlenlaw.com

*Counsel for Defendant*