UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**JOHN HAROLD ROGERS,**<br><br>Defendant. | Case No. 25-cr-033 (DLF) |

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
ON COUNT 2 OF THE INDICTMENT AND,
IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL ON COUNT 2**

**FED. R. CRIM P. 29 MOTION**

Pursuant to Fed. R. Crim. P. 29, Defendant hereby moves for judgment of acquittal on Count 2 of the Indictment. Defendant's argument is that there was insufficient evidence for the jury to find guilt beyond a reasonable doubt on this Count.

The Court's instructions laid out the elements that the government was required to prove as to Count 2:

> In order to prove the defendant guilty of the crime charged, the government must establish beyond a reasonable doubt that:
>
> 1. On or about February 4, 2020, the defendant made a statement or representation;
> 2. This statement or representation was material;
> 3. The statement or representation was false, fictitious, or fraudulent;
> 4. The false, fictitious, or fraudulent statement was made **knowingly and willfully**; and
> 5. The statement or representation was made in a matter within the jurisdiction of the executive branch of the United States government.
>
> A statement is "false" or "fictitious" if it was untrue when it was made, and **the defendant knew it was untrue at that time.** A statement is "fraudulent" if it was untrue when it was made, **the**

**defendant knew it was untrue** at that time, and the defendant intended to deceive.

Jury Instructions (Emphasis added).

The indictment itself does not identify a specific false statement by the defendant. At trial the government argued that the false statement was the Defendant's "Never" in response to a question during the February 4, 2020, interview with investigators from the Federal Reserve OIG as to whether Defendant shared restricted Federal Reserve information outside the Federal Reserve. The interview was held in response to Defendant's seeking assistance in dealing with blackmail and kidnapping threats.

The government's proof as to Count 2 raised two possibilities: (1) that Defendant shared restricted information with Hummin Lee, and (2) Defendant shared restricted information with a co-author at Fudan University. This is apparent from the government's closing argument:

> February 2, 2026 Transcript
>
> Page 81, lines 18-24:
>
> MR. HUNTER: He said never; he said he never provided restricted Board information outside of the Board. Ladies and gentlemen, you just saw how he conducted classes so that he could transfer information to Hummin Lee, and you saw how he sent FOMC Class II information regarding the European Central Bank, the ECB, to a Fudan professor. So that statement was false.
>
> Page 82, lines 18-25:
>
> Now, the defendant said on the stand that he forgot that he sent that information to the Fudan professor. But he was asking for it to be made into a PDF, a PDF so that he could teach his classes to Hummin Lee. The defendant didn't forget about this. This was a core part of the conspiracy. This is what he was doing: Collecting information, sending

it to himself at his Gmail account, sending it to a professor at Fudan University to have it made into a PDF. So we can check that box.

Government's Closing Argument.

The government presented no evidence that Defendant shared any restricted information with Hummin Lee, and the jury acquitted Defendant on Count 1, which alleged a conspiracy with Hummin Lee to misappropriate trade secrets. The government produced no evidence at trial that Defendant delivered any restricted Federal Reserve information to Hummin Lee.

But there was evidence, and it was undisputed, that Defendant did in fact share a Class II document (G-336) with a co-author at Fudan University. The question, however, was whether Defendant remembered doing so during the interview and knowingly and willfully lied.

The undisputed evidence is that Defendant was being blackmailed and voluntarily sought assistance from the Federal Reserve to assist him in dealing with serious threats, i.e., to kidnap his daughter, to force him to pay blackmail money, and to inform Federal Reserve Officials about Defendant's sharing inappropriate photos with strangers on the Internet. During the course of the interview, Agents Hershkowitz and Perez did ask Rogers about Hummin Lee, Professor Cui, and his teaching in China. When they asked Defendant about sharing restricted information outside the Federal Reserve, Defendant's "Never" reflected his focus on Hummin Lee with whom he had never shared restricted information. There is nothing to suggest that Defendant recalled sharing a document with a co-author almost a year before. It is also clear that neither of the agents conducting the interview ever asked Defendant about any specific document.

Defendant respectfully submits that the evidence was insufficient for the jury to find beyond a reasonable doubt that Defendant knowingly and willfully made a false statement. Accordingly, Defendant asks the Court to grant judgment of acquittal on Count 2 of the Indictment.

**DEFENDANT'S FED. R. CRIM. P. 33 MOTION**

Alternatively, Defendant moves for new trial in the interest of justice pursuant to Rule 33. The circumstances of the February 4, 2020, interview strongly suggest that Defendant's "Never" answer was to the question he thought he was being asked: namely whether he ever transferred restricted information to Hummin Lee.

Defendant also seeks a new trial on the ground that in closing argument the government misstated the evidence and suggested a connection between Hummin Lee and Defendant's co-author that finds no support in the trial record. Specifically, Defendant focuses on this portion of the closing argument quoted above: "Now, the defendant said on the stand that he forgot that he sent that information to the Fudan professor. But he was asking for it to be made into a PDF, a PDF **so that he could teach his classes to Hummin Lee**." (Emphasis added). There is not a shred of evidence that Defendant's co-author at Fudan University had any relationship at all with Hummin Lee or that Hummin Lee had any relationship to Fudan University.

This argument was unsupported by evidence and might well have distracted and confused the jury. Since Defendant had been answering questions from Agents Hershkowitz and Perez about Hummin Lee, the jury might have wrongly concluded that, if Defendant had emailed restricted information to his co-author so that Defendant could teach classes to Hummin Lee, he would have remembered that. But the undeniable fact is that there is not an iota of evidence to support this statement by the government. Absent this assertion by the government, the jury might well have been persuaded that an email Defendant sent a year earlier was something that had nothing to do with Hummin Lee and that Defendant reasonably might have failed to remember that one email given the pressured circumstances of his interview, which ostensibly focused on the blackmail and kidnapping.

February 16, 2026                                         Respectfully submitted,


                                                    /s/ Stephen A. Saltzburg
                                                  Stephen A. Saltzburg (D.C. Bar No. 156844)
                                                  2000 H Street, NW
                                                  Washington, DC 20052
                                                  Tel.: (202) 994-7089
                                                  Fax: (202) 994-9811
                                                  Email: sasaltz@law.gwu.edu


                                                  /s/ Jonathan K. Gitlen
                                                  Jonathan K. Gitlen (D.C. Bar No. 990918)
                                                  Law Office of Jonathan K. Gitlen PLLC
                                                  900 19th Street, NW, Suite 500
                                                  Washington, DC 20006
                                                  Tel.: (202) 568-5788
                                                  Fax: (202) 301-8556
                                                  Email: jonathan.gitlen@jgitlenlaw.com

                                                  *Counsel for Defendant*