UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN HAROLD ROGERS,<br><br>*Defendant*. | No. 25-cr-33 (DLF) |

**ORDER**

On January 30, 2025, John Rogers was indicted on two counts: (1) Conspiracy to Commit Economic Espionage in violation of 18 U.S.C. § 1831(a)(5), and (2) Making a False Statement in violation of 18 U.S.C. § 1001. Indictment, Dkt. 1. The government alleged that the defendant conspired with individuals in China to share Federal Reserve trade secrets and then lied about sharing such information during a taped interview with the Federal Reserve's Office of Inspector General. The defendant was detained pending trial, and the Court denied his motion for pretrial release after finding that he was likely to flee the United States. *See* May 1, 2025 Minute Order.

After a two-week jury trial in January 2026, the defendant was found not guilty on Count One and guilty on Count Two. *See* Verdict Form, Dkt. 79. As a result, he faces a maximum penalty of five years imprisonment. A sentencing hearing is scheduled for May 27, 2026. *See* February 4, 2026 Minute Order. Before the Court is the defendant's Motion for Release Pending Sentencing. Def.'s Mot., Dkt. 83. For the following reasons, the Court will deny his motion.

After a defendant is convicted of an offense, "a court is generally required *to detain* the defendant as the background rule." *United States v. Wiggins*, 613 F. Supp. 3d 348, 353 (D.D.C. 2020). Under 18 U.S.C. § 3143(a)(1), a defendant awaiting sentencing can rebut the presumption

of detention only with "'clear and convincing evidence' that he 'is not likely to flee or pose a danger to the safety of any other person or the community if released.'" *Id.* (quoting 18 U.S.C. § 3143(a)(1)). In other words, "§ 3143(a)(1) requires the Court to conduct the same analyses of flight risk and dangerousness used in the pre-trial context, but with the burden shifted." *United States v. Chansley*, 21-cr-3, 2021 WL 4133655, at *2 (D.D.C. Sept. 10, 2021). "When making this determination, the Court evaluates the record considering the same four dangerousness and flight-risk factors laid out in § 3142(g)." *Id.*

Before trial, the Court determined by a preponderance of the evidence that the defendant was a flight risk given his ties to China. *See* May 1, 2025 Minute Order; 18 U.S.C. § 3142(g). Those foreign ties are extensive. The evidence presented at trial showed that the defendant, while working as an economist for the Federal Reserve, maintained a close, multi-year friendship in China with Hummin Lee, who turned out to be a Chinese spy. He traveled to China repeatedly to meet with Hummin and his associates, and he also met his wife there, a Chinese citizen. After leaving the Federal Reserve in 2021, the defendant sought out and accepted a lucrative position at a Chinese university along with a large research grant from the Chinese government, and he spent significant time in China prior to his arrest.

The defendant also has access to substantial funds—both here in the United States and in China. The government proffers that the defendant received more than $750,000 in deposits to his Chinese bank account between 2022 and 2024 and that hundreds of thousands of dollars have been transferred to his U.S. bank account from his Chinese account. Opp'n 10–11, Dkt. 98. Evidence at trial showed that $50,000 in cash was found in his home in Virginia.

The defendant's arguments highlighting his family ties to the United States and minimizing his ties to China fail to persuade. Although his immediate family has stayed in Virginia during the

2

defendant's detention, his wife is a Chinese citizen, and their daughter was born in China. They also previously lived with the defendant in China. The defendant speculates that "the Chinese government is unlikely to have any interest" in him at this point, Def.'s Reply 3, Dkt. 102; that he is "unemployable [in China] for having exposed" the real identities of Hummin Lee and other Chinese intelligence operatives, *id.* at 6; and that "any funds held in China are lost to him" because he "speaks no Chinese and relied on Hummin Lee to manage and access his finances in China," *id.* But these unsubstantiated assertions fail to convince the Court that the defendant is unlikely to flee to China.

The only changed circumstance weighing in the defendant's favor is that he was not convicted of a conspiracy to commit economic espionage. Even so, he now stands convicted of a felony offense that carries a maximum penalty of five years in prison. And given the aggravated facts of this case—which, at a minimum, involve lying to the United States government about sharing restricted Federal Reserve information—the Court is likely to impose a prison sentence well in excess of time served.

In sum, the defendant's incentive and ability to flee to China remain substantial. And if he were to flee, he would likely evade custody and any additional prison time because China has no extradition treaty with the United States. These circumstances—coupled with the defendant's history of lucrative employment in China, foreign family and contacts, and access to substantial funds both here and abroad—lead the Court to reach the same conclusion it reached before trial: The defendant remains a serious flight risk. And he has not met his heavy post-conviction burden of showing with clear and convincing evidence that he is unlikely to flee.

For the foregoing reasons, it is

**ORDERED** that the defendant's Motion for Release Pending Sentencing, Dkt. 83, is **DENIED**.

**SO ORDERED.**

_____
DABNEY L. FRIEDRICH
March 10, 2026                                                                          United States District Judge