**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Case No.:  25-cr-00033 (DLF)** |
| **v.** | **:** | |
| | **:** | |
| **JOHN HAROLD ROGERS,** | **:** | |
| | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## <u>NOTICE OF SUPPLEMENTAL LEGAL AUTHORITY</u>

In light of the Court's colloquy with defense counsel during the July 10, 2026 sentencing hearing, the Government would like to bring the Court's attention to another case from this District that the Court may find helpful in determining the appropriate sentence for Dr. Rogers under the 18 U.S.C. § 3553(a) factors.

During the latter portion of the July 10 hearing, after the Court had ruled on the various outstanding issues under the Sentencing Guidelines, the Court had an extensive exchange with defense counsel during which the Court was seeking a "tether" for determining the appropriate sentence under the facts of this case, applying the 3553(a) factors, including a sentence that would provide the appropriate degree of general deterrence.  Both the Court and defense counsel pointed to the lack of similar fact patterns among stand-alone convictions for 18 U.S.C. § 1001.

While the government cannot offer another similar 1001 case, beyond those that have already been cited, there is a case from this district with a similar fact pattern that centers on false statements and omissions made by a U.S. government employee to hide a relationship with individuals who were agents of the Chinese government.  In *United States v. Candace Claiborne*, Case No. 1:17-cr-00069-RDM, the defendant, a former long-term employee of the U.S. State Department, pleaded guilty to conspiring to defraud the U.S., in violation of 18 U.S.C. § 371, by lying to law enforcement and background investigators about her extensive contacts with, and gifts

from, agents of the Chinese government, in exchange for providing them with internal unclassified documents from the State Department.  According to the Statement of Facts filed in support of the Plea Agreement, for over five years, Claiborne and one of her family members met with agents of the Chinese government, shared non-public State Department information, and received tens of thousands of dollars in benefits, including cash payments, gifts, assistance with immigration issues, housing for Claiborne's family member (who was studying fashion design at a Chinese university), and other services.  *See generally* ECF No. 58.

To be sure, the Guidelines calculations in that case were different from those here.  The estimated applicable Guideline in the Plea Agreement was § 2C1.1 with a 14-point enhancement under § 2B1.1 for Claiborne's acceptance of over $550,000 in value (including her State Department salary) and an obstruction adjustment under § 3C1.1.  *See* ECF No. 57 at 2–3.  Even with the three-point reduction for Claiborne's acceptance of responsibility, her estimated Guideline range was 70 to 87 months, which was above the 60-month maximum statutory punishment under 18 U.S.C. § 371.  *Id.* at 3–4.  The Government recommended a 60-month sentence, ECF No. 66, and the defendant recommended a time-served sentence (which was about a month), ECF No. 67.  The Court ultimately sentenced Claiborne to 40 months in prison.  ECF No. 69 (Judgment).

The *Claiborne* case is not a perfect analogy to this case, but the nature and circumstances of Claiborne's offense is similar to the nature and circumstances of Dr. Rogers' criminal conviction here.  Like in *Claiborne*, Dr. Rogers was a long-term trusted U.S. government insider with access to sensitive U.S. government information.  Unlike Claiborne (who was an executive assistant), however, Dr. Rogers was an officer at the Federal Reserve.  Also unlike Dr. Rogers, Claiborne fully accepted responsibility for her offense.  Like in *Claiborne*, Dr. Rogers was groomed by

Chinese intelligence agents for years and provided with a plethora of benefits, including favors and services provided to family members.  Neither Claiborne nor Rogers reported their relationships with the Chinese agents, and both lied to investigators once they began asking questions about those relationships.  *Claiborne* is distinguishable in that the jury acquitted Dr. Rogers of conspiring with Chinese intelligence agents to misappropriate trade secrets to benefit the Chinese government.  Claiborne was never charged with espionage or economic espionage or any offense that would require a *mens rea* of harming the United States or providing a benefit to a foreign government.  But the core *actus reus* in *Claiborne* is strikingly similar to the *actus reus* underlying the 1001 conviction here—a U.S. government insider lied to U.S. government investigators about giving non-public sensitive information to individuals who were in fact agents of the Chinese government.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

 /s/ Adam P. Barry_____
Adam P. Barry
Cal. Bar No. 294449
Assistant United States Attorney
National Security Section
601 D Street, NW
Washington, D.C. 20530
Office: 202-252-7793
Email: adam.barry@usdoj.gov

JOHN A. EISENBERG
Assistant Attorney General
National Security Division

Nicholas O. Hunter
D.C. Bar No. 1022355
Yifei Zheng
N.Y. Bar No. 5424957
Trial Attorneys

3

National Security Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C. 20530
Telephone: (202) 353-3434
E-mail: nicholas.hunter@usdoj.gov
yifei.zheng@usdoj.gov