**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | : | |
| **UNITED STATES** | : | |
| | : | |
| **v.** | : | **Case No. 25-cr-00033 (DLF)** |
| | : | |
| **JOHN HAROLD ROGERS** | : | |
| | : | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL FILING**

The extended briefing and argument regarding defendant John Rogers's sentencing spanned almost two months and concluded on July 10, 2026, when the Court stated that it would render its sentence on July 15, 2026.  Nonetheless, the government yesterday filed another pleading that it styled as a "Notice of Supplemental Authority," but which is instead an improper attempt to advance new arguments that the government forfeited when it failed to make them earlier.  *See United States v. Mostofsky*, 579 F. Supp. 3d 9, 24 (D.D.C. 2021) (declining to address challenge party failed to raise during briefing and raised later through a notice of supplemental authority) (citing *Plaquemines Port, Harbor & Terminal Dist. v. Fed. Maritime Comm'n*, 838 F.2d 536, 550 (D.C. Cir. 1988)).  In any event, through this response, we demonstrate that the case on which the government bases its new arguments, *United States v. Claiborne*, Case. No. 17-cr-69 (D.D.C. Apr. 11, 2017), further supports the defense's recommended sentence of time served for Dr. Rogers.

First, *Claiborne* is not an analogous case to Dr. Rogers's.  Defendant Claiborne pled guilty to conspiring with Chinese nationals to defraud the United States—precisely the kind of crime of which the jury acquitted Dr. Rogers.  The statement of facts to which Claiborne agreed as part of her plea is replete with much more aggravated conduct than in this case.  Claiborne was a State Department employee with a Top Secret security clearance who was assigned to multiple positions in China.  *See* Case No. 17-cr-69 (D.D.C. Apr. 11, 2017), Dkt. No. 58 at 4-6.  She used her State

Department position to search State Department systems for sensitive information that she delivered in manila envelopes to co-conspirators, whom she believed were agents of the Chinese government, at in-person meetings. *Id*. at 8-9. In direct exchange for the manila envelopes, Claiborne received envelopes of Chinese currency totaling $20,000. *Id*. at 9. She also accepted many other gifts from her co-conspirators. *Id*. at 10. Over the course of several years, Claiborne repeatedly lied on her embassy and SF-86 security forms and denied having any contacts with her co-conspirators. *Id*. at 10-12. When the FBI interviewed Claiborne about her China contacts, she lied again and then began an extensive obstruction scheme, which included calling one co-conspirator within three hours of the FBI interview and coaching him to lie, *id*. at 19; suggesting repeatedly that the co-conspirator delete material related to the conspiracy, *id*. at 20-21; and making her own attempts to destroy incriminating information, *id*. at 21. The suggestion that such an aggravated conspiracy against the United States resembles Dr. Rogers's false statement conviction demonstrates that the government refuses to accept the jury's verdict and continues to urge this Court that Dr. Rogers be sentenced as though he had been found guilty of an espionage conspiracy.

Second, despite all of these differences and especially the significantly more aggravated conduct at issue in *Claiborne*, Claiborne served only a total of 30 months in custody. She was sentenced and remanded on July 16, 2019, and was released by the Bureau of Prisons on January 13, 2022. *See* Case No. 17-cr-69 (D.D.C. Apr. 11, 2017), Dkt. Nos. 69 at 1-2, 85 at 1. Contrary to the government's contention, Claiborne's case suggests that Dr. Rogers has served more than enough time for his conduct and conviction and should be sentenced far below 30 months.

Third, an examination of relevant cases, rather than myopic focus on a cherry-picked inapposite one, demonstrates that a sentence for Dr. Rogers of 17 months would already represent

a significant upward departure from comparative cases—establishing a clear and effective general deterrent against false statements going forward.  Using the Sentencing Commission's Judiciary Sentencing Information (JSIN) tool, over the past five years, there were 674 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 6 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure.  Of these, 97% received a within-guidelines sentence, and 77% received straight probation.  For the 155 defendants (23% of all 674 defendants) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 5 months and the median length of imprisonment imposed was 2 months.  *See* Exhibit A (Export of JSIN Data).  This comports with the data we previously provided from the Sentencing Commission's Interactive Data Analyzer (IDA), which can further isolate only §2B1.1 false statement cases but cannot isolate only those with a Final Offense Level of 6 and Criminal History Category I.  *See* ECF Nos. 116 at 9, 116-8 (IDA data reflecting that of 907 cases involving defendants sentenced under §2B1.1 for false statements at varying final offense levels, the average sentence was 3 months and the median 6 months, and that of those sentenced to prison, the average imprisonment length was 8 months and the median 4 months).

We respectfully submit that *Claiborne* and the available JSIN and IDA data support a time-served sentence for Dr. Rogers.

July 14, 2026

Respectfully submitted,

*/s/ Stephen A. Saltzburg*
Stephen A. Saltzburg (D.C. Bar No. 156844)
2000 H Street, NW
Washington, DC 20052
Tel.: (202) 994-7089
Fax: (202) 994-9811
Email: sasaltz@law.gwu.edu

/s/ Jonathan K. Gitlen
Jonathan K. Gitlen (D.C. Bar No. 990918)
Gitlen Law PLLC
1 Thomas Circle, NW, Suite 400
Washington, DC 20005
Tel.: (202) 568-5788
Fax: (202) 301-8556
Email: jonathan.gitlen@jgitlenlaw.com

/s/ Jonathan Wroblewski
Jonathan J. Wroblewski (*pro hac vice*)
502 N. Hudson Street
Arlington, Virginia 22201
Tel: (703) 623-6824
Email: jwroblewski@law.harvard.edu

/s/ Molly Gaston
Molly Gaston (*pro hac vice*)
Gaston & Cooney PLLC
1455 Pennsylvania Ave. NW, Suite 400
Washington, DC 20004
Tel: (202) 657-0012
Email: mollygaston@gastoncooney.com

*Counsel for Defendant*

4